UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                        :

BMO BANK N.A,                            :

                                      :

                   Plaintiff,         :

                                      :              25-CV-10476 (JMF)

       -v-                            :

                                      :                  ORDER

LEADENHALL CAPITAL PARTNERS LLP et al.,   :

                                      :

                   Defendants.     :

                                      :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On December 17, 2025, Plaintiff filed a Complaint in which it invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 1 ("Comp"), ¶ 5. Although Plaintiff states that "parties are entirely diverse," the Court has identified several potential deficiencies with Plaintiff's diversity allegations. *Id.*

For some of the Defendants, Plaintiff merely alleges the parties' states of residence, not their states of citizenship. *See* Comp. ¶ 9 ("In turn, MTCP's sole member is Steven W. Pasco, himself a resident of Florida and JARM Capital LLC's sole member is Josh Wander, also a resident of Florida."). This is not enough. *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)). For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*,

157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

Plaintiff also alleges that it "is a national banking association headquartered in Chicago, Illinois." Comp. ¶ 1. A banking association is a citizen of the state in which it designates its main office according to its Articles of Association. *See* 28 U.S.C § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317-18 (2006) (locating a national bank for the purposes of "diversity jurisdiction, in the State designated in its articles of association as its main office"); *OneWestBank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016) ("[A] national bank is a citizen only of the state listed in its articles of association as its main office."). Alleging Plaintiff's "headquarters" thus may not be sufficient to adequately plead citizenship of a national banking association. *Accord D'Aguilar v. U.S. Bank Trust NA, LSF9 Master Participation Trust,* No. 24-CV-4498 (LTS), 2024 WL 3850349, at *4 (S.D.N.Y. Aug. 6, 2024) ("For purposes of diversity jurisdiction, to establish the citizenship of a national bank, a plaintiff must plead facts about what state is listed in its articles of association as its main office."); *Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr. 2007-5, Asset-Backed Certificates, Series 2007-5 v. Shewtahal,* No. 24-CV-7892 (ERK) (RML), 2025 WL 2402824, at *2 (E.D.N.Y. Aug. 19, 2025) ("Plaintiff's bare assertion that it is a citizen of California, without providing its articles of association or even referencing the state that its articles of association designate as containing its main office, leaves this Court with doubts as to Plaintiff's citizenship for purposes of diversity jurisdiction." (cleaned up)).

Lastly, as a general matter, "[i]t is an oft-repeated rule that diversity jurisdiction in a suit by or against an artificial entity depends on the citizenship of all the members of the entity." *Quantlab Fin., LLC, Quantlab Techs. Ltd. (BVI) v. Tower Rsch. Cap., LLC*, 715 F. Supp. 2d 542, 546 (S.D.N.Y. 2010) (cleaned up and quoting *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96 (1990)). The Complaint contains diversity allegations regarding a "collective asset-management vehicle," Comp. ¶ 3, and "three Ireland-incorporated funds," *id.* ¶ 7.  While the Court reserves judgment, the Court is skeptical that these allegations are sufficient to plead diversity.  *Compare Carden v. Arkoma Assocs*., 494 U.S. 185, 187 (1990) ("The precise question posed under the terms of the diversity statute is whether such an entity may be considered a 'citizen' of the State under whose laws it was created."); *Fellowes, Inc. v. Changzhou Xinrui Fellowes Off. Equip. Co.,* 759 F.3d 787, 788 (7th Cir. 2014) ("[C]ollective entities have the citizenship of each member or equity investor."); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 37-40 (3d Cir. 2018) (discussing citizenship of a trust). As such, Plaintiff is advised to evaluate the legal adequacy of these allegations in the next iteration of the Complaint.

Accordingly, no later than **January 7, 2026**, Plaintiff shall file an amended complaint properly alleging the citizenship of each party to this action.  If, by that date, Plaintiff does not file an amended complaint establishing this Court's subject-matter jurisdiction, the Court will dismiss the case without prejudice and without further notice to any party.

SO ORDERED.

Dated: December 19, 2025
New York, New York

JESSE M. FURMAN
United States District Judge

3